



FILED IN CHAMBERS
U.S.D.C. Atlanta

MAR 11 2025

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | Criminal Indictment |
|---|---|
| v. | |
| CHRISTINA DANIELS | No. 1:25-CR-0099 |

THE GRAND JURY CHARGES THAT:

### Counts One through Nine

### 18 U.S.C. § 1343 (Wire Fraud)

1. Beginning in or about January 2023 and continuing until at least in or about June 2024, in the Northern District of Georgia and elsewhere, the defendant, CHRISTINA DANIELS, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material, and in so doing, with the intent to defraud, caused interstate wire communications to be made, in furtherance of the scheme and artifice to defraud.

## Background

2. The Social Security Administration ("SSA") is a government agency that assigns Social Security numbers to eligible members of the public and administers the Social Security retirement, survivors, and disability insurance programs and the Supplemental Security Income program.

3. SSA maintains a computer network that maintains a system of records, which includes personal identifying information ("PII"), for millions of Social Security number holders and beneficiaries.

4. SSA maintains offices throughout the United States and employs over 50,000 people.

5. SSA's employees have access to SSA's computer network and system of records that includes the PII belonging to millions of Americans and are entrusted to access that information only in connection with their assigned job duties.

6. Every SSA employee is assigned a unique personal identifying number ("PIN") that acts as a digital fingerprint and tracks how they access SSA's computer network and system of records.

7. In or about October 2021, SSA hired Defendant DANIELS to be a customer representative at SSA's field office in Norcross, Georgia. At that time, she was assigned a unique PIN.

8. As a customer service representative, Defendant DANIELS interacted with members of the public. Her job duties allowed her to make changes to a

beneficiary's account, including changing the direct deposit information needed to deposit beneficiaries' monthly benefits.

### Scheme to Defraud

9. In order to obtain funds that she was not entitled to receive, Defendant DANIELS caused multiple accounts to be opened using stolen PII of Social Security beneficiaries and, in some instances, her own family members. Then, without authorization, she accessed SSA's system of records and changed the direct deposit information of multiple beneficiaries to accounts that she controlled.

10. On or about January 7, 2023, Defendant DANIELS caused a Green Dot account ending 4049 in J.S.'s name to be opened without J.S.'s knowledge or permission.

11. On or about January 12, 2023, Defendant DANIELS accessed SSA's system of records and changed J.S.'s direct deposit information to the Green Dot account ending 4049.

12. On or about February 3, 2023, the Department of Treasury, on behalf of SSA, deposited $1,605 into the Green Dot account ending 4049. This money was intended as a benefit payment to J.S.

13. On or about April 11, 2023, Defendant DANIELS caused a Green Dot account ending 4454 in W.W.'s name to be opened without W.W's knowledge or permission.

14. On or about April 11, 2023, Defendant DANIELS accessed SSA's system of records and changed W.W.'s direct deposit information to the Green Dot account ending 4454.

15. On or about April 13, 2023, the Department of Treasury, on behalf of SSA, deposited $2,206.90 into the Green Dot account ending 4454. This money was intended as a benefit payment to W.W.

16. On or about April 25, 2023, Defendant DANIELS caused a Green Dot account ending 9743 in J.A.#1's name to be opened without J.A.#1's knowledge or permission.

17. On or about May 19, 2023, Defendant DANIELS accessed SSA's system of records and changed R.N.'s direct deposit information to the Green Dot account ending 9743.

18. On or about June 2, 2023, the Department of Treasury, on behalf of SSA, deposited $1,467.00 into the Green Dot account ending 9743. This money was intended as a benefit payment to R.N.

19. On or about August 14, 2023, Defendant DANIELS caused a Green Dot account ending 1681 in T.H.'s name to be opened without T.H.'s knowledge or permission.

20. On or about August 18, 2023, Defendant DANIELS accessed SSA's system of records and changed D.N.'s direct deposit information to the Green Dot account ending 1681.

4

21. On or about September 20, 2023, the Department of Treasury, on behalf of SSA, deposited $2,989 into the Green Dot account ending 1681. This money was intended as a benefit payment to D.N.

22. On or about October 3, 2023, the Department of Treasury, on behalf of SSA, deposited $1,467.00 into the Green Dot account ending 9743. This money was intended as a benefit payment to R.N.

23. On or about October 18, 2023, the Department of Treasury, on behalf of SSA, deposited $2,989 into the Green Dot account ending 1681. This money was intended as a benefit payment to D.N.

24. On or about November 6, 2023, Defendant DANIELS caused a Green Dot account ending 1583 in R.W.'s name to be opened without R.W.'s knowledge or permission.

25. On or about November 6, 2023, Defendant DANIELS accessed SSA's system of records and changed R.W.'s direct deposit information to the Green Dot account ending 1583.

26. On or about November 8, 2023, Defendant DANIELS accessed SSA's system of records and changed S.J.'s direct deposit information to the Green Dot account ending 1583.

27. On or about November 13, 2023, Defendant DANIELS accessed SSA's system of records and changed J.A.#2's direct deposit information to the Green Dot account ending 1583.

28. On or about November 15, 2023, the Department of Treasury, on behalf of SSA, deposited $1,038 into the Green Dot account ending 1583. This money was intended as a benefit payment to J.A#2.

29. On or about December 1, 2023, the Department of Treasury, on behalf of SSA, deposited $6,307.80 into the Green Dot account ending 1681. This money was intended as a benefit payment to D.N.

30. On or about December 22, 2023, the Department of Treasury, on behalf of SSA, deposited $6,150.20 into the Green Dot account ending 1583. This money was intended as a benefit payment to R.W.

31. On or about December 27, 2023, the Department of Treasury, on behalf of SSA, deposited $2,078 into the Green Dot account ending 1583. This money was intended as a benefit payment to S.J.

32. On or about May 1, 2024, Defendant DANIELS caused a Green Dot account ending 4431 to be opened in E.G.'s name without E.G.'s knowledge or permission.

33. On or about May 1, 2204, Defendant DANIELS accessed SSA's system of records and changed E.G.'s direct deposit information to the Green Dot account ending 4431.

34. On or about May 3, 2024, the Department of Treasury, on behalf of SSA, deposited $8,802.00 into the Green Dot account ending 4431. This money was intended as a benefit payment to E.G.

35. On or about May 28, 2024, Defendant DANIELS accessed SSA's system of records and changed Y.W.'s direct deposit information to the Green Dot account ending 4431.

36. On or about June 12, 2024, the Department of Treasury, on behalf of SSA, deposited $2,001.00 into the Green Dot account ending 4431. This money was intended as a benefit payment to Y.W.

### Execution of the Scheme

37. On or about dates listed below, in the Northern District of Georgia and elsewhere, the defendant, CHRISTINA DANIELS, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, with intent to defraud, did cause to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, that is, the wire communications described below:

| Count | Date (on or about) | Wire Communication |
|---|---|---|
| 1 | 01/12/2023 | Electronic access of J.S.'s Social Security record to change direct deposit information |
| 2 | 04/11/2023 | Electronic access of W.W.'s Social Security record to change direct deposit information |
| 3 | 05/19/2023 | Electronic access of R.N.'s Social Security record to change direct deposit information |
| 4 | 08/18/2023 | Electronic access of D.N.'s Social Security record to change direct deposit information |

| 5 | 11/06/2023 | Electronic access of R.W.'s Social Security record to change direct deposit information |
| 6 | 11/08/2023 | Electronic access of S.J.'s Social Security record to change direct deposit information |
| 7 | 11/13/2023 | Electronic access of J.A.#2's Social Security record to change direct deposit information |
| 8 | 05/01/2024 | Electronic access of E.G.'s Social Security record to change direct deposit information |
| 9 | 05/28/2024 | Electronic access of Y.W.'s Social Security record to change direct deposit information |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Ten through Twenty-One

### 18 U.S.C. § 641 (Theft of Government Funds)

38. The Grand Jury re-alleges and incorporates by reference Paragraphs Two through Thirty-Six of this Indictment as if fully set forth herein.

39. On or about the dates specified below, in the Northern District of Georgia and elsewhere, the defendant, CHRISTINA DANIELS, knowingly and willfully stole, purloined, and converted to her use a thing of value of the United States exceeding the sum of $1,000, namely, the following payments issued by the United States Department of Treasury, on behalf of the Social Security Administration, to the beneficiaries identified by the initials below:

| Count | Date | Beneficiary | Amount |
|---|---|---|---|
| 10 | 02/03/2023 | J.S. | $1,605.00 |
| 11 | 04/13/2023 | W.W. | $2,206.90 |

| 12 | 06/02/2023 | R.N.   | $1,467.00 |
| 13 | 09/20/2023 | D.N.   | $2,989.00 |
| 14 | 10/03/2023 | R.N.   | $1,467.00 |
| 15 | 10/18/2023 | D.N.   | $2,989.00 |
| 16 | 11/15/2023 | J.A.#2 | $1,038.00 |
| 17 | 12/01/2023 | D.N.   | $6,307.80 |
| 18 | 12/22/2023 | R.W.   | $6,150.20 |
| 19 | 12/27/2023 | S.J.   | $2,078.00 |
| 20 | 05/03/2024 | E.G.   | $8,802.00 |
| 21 | 06/12/2024 | Y.W.   | $2,001.00 |

All in violation of Title 18, United States Code, Section 641 and Section 2.

### Counts Twenty-Two through Twenty-Seven

### 18 U.S.C. § 1028A (Aggravated Identity Theft)

40. The Grand Jury re-alleges and incorporates by reference Paragraphs Two through Thirty-Six of this Indictment as if fully set forth herein.

41. On or about the dates set forth below, the defendant, CHRISTINA DANIELS, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the SSN and date of birth of the victims identified below, during and in relation to the felony counts identified below:

| Count | Date | Victim | Felony Violation |
|---|---|---|---|
| 22 | 01/07/2023 | J.S. | Counts 1, 10 |
| 23 | 04/11/2023 | W.W. | Counts 2, 11 |
| 24 | 04/25/2023 | J.A.#1 | Counts 3, 12, 14 |
| 25 | 08/14/2023 | T.H. | Counts 4, 13, 15, 17 |
| 26 | 11/06/2023 | R.W. | Counts 5, 16, 18, 19 |
| 27 | 05/01/2024 | E.G. | Counts 8, 20, 21 |

All in violation of Title 18, United States Code, Section 1028A and Section 2.

## Forfeiture

42. Upon conviction of one or more of the offenses alleged in Counts One through Twenty-One of this Indictment, the defendant, CHRISTINA DANIELS, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 18, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Twenty-One of this Indictment.

43. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____True_____ BILL

_____
FOREPERSON

RICHARD S. MOULTRIE, JR.
  *Acting United States Attorney*

*/s/ Diane C. Schulman*
DIANE C. SCHULMAN
  *Special Assistant United States Attorney*
Georgia Bar No. 497764

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181